UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* DIONDRE MARQUISE
NORMAN,

           Plaintiff/Petitioner.

_____ /

Case No. 2:22-mc-51450
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR ALTERNATIVELY, TO *SUA SPONTE* STRIKE THE PETITION AS IMPERTINENT

**I.     RECOMMENDATION**: The case should be **DISMISSED** for lack of

subject matter jurisdiction under Fed. R. Civ. P. 12(c)(1).  Alternatively, the

complaint/petition (ECF No.1) should be **STRICKEN** as impertinent under Fed.

R. Civ. P. 12(f).  Either way, the matter should be closed.

**II.    REPORT:**

Plaintiff/Petitioner Diondre Marquise Norman ("Norman")[1] has initiated an

action in this Court which he titles as a "Petition for Preemptory challenge to this

Presumptive Court Jurisdiction."  (ECF No. 1, PageID.1.)  He also informs the

---

[1] The caption and the docket list Norman as the sole plaintiff/petitioner.  (ECF No. 1, PageID.1.)  He is indeed the only one to sign the pleading under Fed. R. Civ. P. 11.  (*Id*., PageID.12.)  After that, the document ambiguously adds a "Witness statement[,]" ostensibly signed by Dion Norman (as opposed to Diondre Marquise Norman) and Marcea Nicole Belk, which is followed by a single page titled "ACKNOWLEDGMENT[,]" signed by all three of them.  (*Id*., PageID.12-13.)

Court in the title itself that, "I do not plead, plea, or otherwise SUBMIT TO THE COURT[']S PRESUMPTIVE JURISDICTION AND DEMAND DISMISSAL!" (*Id*., boldfaced type omitted.)  On its face, there certainly seem to be a fair number of conditions which he attaches to his "preemptory petition" and the Court's "presumptive jurisdiction."  To say the least, it is unusual for a plaintiff, petitioner, or applicant to begin a legal proceeding in federal court by announcing his refusal to submit to the Court's jurisdiction.  Presumably, he means that he refuses to recognize that the Court has *personal* jurisdiction over him, notwithstanding the fact that he lives in this District, listing Southfield, Michigan as his address.  (*Id*.) Thus, it is all the more surprising that he has filed his petition here.  In any case, he appears to be correct by halves: the case should be dismissed because the Court lacks *subject matter* jurisdiction, for a number of fairly obvious reasons.

First, Norman names no adverse parties.  No defendant or respondent is identified, and as best as the Undersigned can tell, his adversary appears to be the Court itself, from which he seems to want a declaration of some sort that it lacks authority over him.  Even if the Court could give such a declaration, it is hard to imagine what sway that would hold vis-à-vis Norman, once he received the ruling. In any case, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.  It begins with the naming of at least two parties.  Fed. R. Civ. P. 17.  It also requires "short and plain" statements of "the grounds for the court's

2

jurisdiction[,]" "showing that the pleader is entitled to relief[,]" as well as "a

demand for the relief sought[.]" Fed. R. Civ. P. 8(a). The instant opening

document or pleading meets none of these requirements.

Second, lacking any clear opponent or demand for relief from an opponent,

there is no case or controversy for the Court to decide, which is a requirement for

subject matter jurisdiction. U.S. Const., Art. III, Sec. 2. Plaintiff's petition seems

to seek some sort of an advisory opinion, perhaps with respect to some impending

action that he anticipates being brought against him by the Executive Branch and

for which he wants an anticipatory declaration that he is *off-limits*. However,

"[f]ederal courts do not exercise general legal oversight of the Legislative and

Executive Branches, or of private entities. And federal courts do not

issue advisory opinions." *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 659 (E.D.

Mich. 2021) (internal citations omitted). Further, claims which do not "rise

beyond the realm of speculation and conjecture," fall "well short of the case or

controversy requirement for this Court's jurisdiction." *Id.* at 650 (internal citations

omitted). "To have Article III standing to sue in federal court, plaintiffs must

demonstrate, among other things, that they suffered a concrete harm. No concrete

harm, no standing." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2200

(2021). Plaintiff's characterization of this case as a "preemptory challenge,"

particularly in conjunction with the content of his opening document, makes

apparent that he is likely seeking a declaration with respect to events to come or future dealings with the Executive Branch – *e.g.*, law enforcement, the Department of Transportation (as will be apparent below) or taxation authorities – or in any case, a declaration or advisory opinion as to this Court's supposed lack of personal jurisdiction over him should he ever be hailed into this tribunal, though now with only a single party and no actual controversy.  The matter is obviously not ripe for any type of adjudication.  The Court accordingly lacks subject matter jurisdiction over this case.  "Fed. R. Civ. P. 12(h)(3) requires that '[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'"  *Houston v. Houston*, No. 2-11888, 2021 WL 4290198, *2 (E.D. Mich. Sept. 21, 2021) (Murphy, J.).  In the instant matter, it should so determine and, accordingly, it ought to dismiss.

Finally, the operative document does not actually *plead* any cognizable claims.  Instead, it is best described as an impertinent or fanciful diatribe or treatise, much of which simply does not make sense, and contains various argumentative phrases like:

- "Forcing a party to plea and or submit is unconstitutional" as the first subheading (ECF No. 1, PageID.1)

- "Renunciation and repudiation of application of the 14th amendment section 1 to my natural person[,]" a subheading by which Norman is apparently arguing that the Fourteenth Amendment either does not apply to him, or that he is not a natural person (*Id.*, PageID.9)

4

- "So that, it is abundantly clear and stated on and for the record, my travel upon the highways of the United States and/or the highways as of this date is for my own private personal business for my household goods transportation and or my consumer goods transportation and not for profit or gain." (*Id.*, PageID.8, ¶ 2.)

- In reference to the "'**FULL FAITH AND CREDIT**' of the United States Government[,]" he states that "I hereby pledge 10% of my interest in the collateral to the United States of America without recourse. I also pledge an additional 30% of my interest in the collateral of the United States to my private trusts, for the use of my private business, during this ongoing still <u>extant banking holiday</u> without recourse." (*Id.*, PageID.9, ¶ 4 (emphases in original).) He goes on to note that "there are trusts that were created for my benefit" and that "it is my belief that you are interfering with my right to access my property which is secured by a United States Constitution Bill of Rights and I object." (*Id.*, PageID.9, ¶ 4.) It is unclear to whom "you" refers.

- "[P]resumption of law is not law." (*Id.*, PageID.11, ¶ B.)

- "I don't recall giving anyone sovereign authority over my person, I don't vote, and as such there is no contract between myself and/or a so-called elected official to make life altering decisions concerning my private, personal, and/or natural life which includes my property, my interests, my securities, by the State, my trust, my possession, which encompasses my inalienable rights." (*Id.*, PageID.11, ¶ C.)

- "I am a natural, living, sentient being, self-aware and capable of handling my own affairs without government oversight." (*Id.*, PageID.11, ¶ D.)

Underneath his signature, next to which he places the handwritten reference

"UCC 1-308[,]" he closes with a "witness statement," signed by both

Norman and Marcea N. Belk, referencing himself as a quasi- corporation[,]"

indicating, *inter alia*, that:

> This statement is to validate that I have known Diondre Marquise
> Norman [*i.e.*, himself], for greater than the past 9 years, and have
> been continual personal contact with the aforementioned party
> throughout that period. Which also documents the fact that I myself
> and [sic?] neither absent, lost at sea, absent from the land, but have
> been in communication and close contact with others for greater
> than 9 years and may sentient, living, natural, being, having attained
> the age of the majority, and exercising all the inalienable rights in
> my possession at will. I am neither an enemy of the United States as
> a quasi-corporation, or an enemy of the United States of America as
> representative of the country for which it stands a nation.

> (Id., PageID.12.)

Although a *pro se* litigant is entitled to a liberal construction of his pleadings

and filings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As this Court

explained in *Houston*:

> In the Sixth Circuit, courts have "broad discretion with respect to what
> evidence to consider in deciding whether subject matter jurisdiction
> exists, including evidence outside of the pleadings."  *Cartwright v.
> Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citation omitted).  In
> general, a district court should "not sua sponte dismiss a complaint
> where the filing fee has been paid unless the court gives the plaintiff
> the opportunity to amend the complaint."  *Apple v. Glenn*, 183 F.3d
> 477, 479 (6th Cir. 1999) (italics omitted).  But a district court may, "at
> any time, sua sponte dismiss a complaint for lack of subject matter
> jurisdiction" if "the allegations of [the] complaint are totally

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or
no longer open to discussion." *Id*. (italics omitted).

2021 WL 4290798, at *2.[2]  Furthermore, factual frivolousness includes allegations

that are "clearly baseless," "fantastic," or "delusional."  *Nietzke v. Williams*, 490

U.S. 319, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992)

(dismissal is appropriate when "the facts alleged rise to the level of the irrational or

the wholly incredible").  That shoe fits here.  Similar to, or perhaps included within

the many sovereign citizen complaints that have been filed with this Court over the

years, Norman seems to suggest that the Court should determine that he "is

a sovereign citizen and thus free of compulsion under federal or state statutes and

ordinances."  *Houston*, 2021 WL 4290798, at *5.  However, "the Court lacks

jurisdiction to grant such declaratory relief." *Id*.[3]

The case should be **DISMISSED** for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(c)(1).  Indeed, this matter must be dismissed because it is

---

[2] As for the filing fee, Norman did not pay the $402.00 fee required for a
complaint, but rather only $49.00, due to its characterization as a miscellaneous
action.

[3] And even if he "claims that he is not a citizen of the United States," his listing of
a Michigan address for himself (ECF No. 1, PageID.1) "is sufficient evidence for
the Court to believe that Plaintiff has a physical presence in Michigan and an intent
to remain in Michigan."  *Id*. (citing *Napletana v. Hillsdale Coll*., 385 F.2d 871,
872–73 (6th Cir. 1967)); *see also*, *Erwin El v. Genesee Cnty. Land Bank Auth*., No.
2:19-cv-11522, 2019 WL 2763314, at *1 (E.D. Mich. July 2, 2019) (Michelson,
J.) (holding that a plaintiff alleging he was a sovereign citizen was actually a
citizen of Michigan when the complaint stated that the plaintiff lived in Michigan).

not even a case (let alone a controversy), but rather some sort of a political or philosophical statement. The federal courts are neither here for that purpose nor given subject matter jurisdiction to make pronouncements over such esoteric material. In short, the operative pleading is frivolous. "Even if the Court could liberally construe any of the claims in the complaint as arising under a federal law or constitutional provision, the Court would still dismiss the complaint for lack of subject matter jurisdiction because the claims are frivolous." *Houston*, 2021 WL 4290798, at *6 (citing *Apple*, 183 F.3d at 479); *see also Erwin-El*, 2019 WL 2763314, at *1; *Chase Manhattan Mortg. Corp. v. Blakely-El*, No. 06-10343, 2007 WL 1041256, at *1 (E.D. Mich. Apr. 5, 2007) (Feikens, J.); *King v. Corp. of U.S. of Am.*, No. 05 CV 72849, 2005 WL 3320866, at *4 (E.D. Mich. Dec. 7, 2005) (Cleland, J.)). Alternatively, the complaint/petition (ECF No.1) should be **STRICKEN** as impertinent under Fed. R. Civ. P. 12(f). Either way, the matter should be closed.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 5, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE